SCANNED at LSP and Emailed
3-20-23 by VJB . 23 pages
date initials No.

RECEIVED
MAR 20 2023
Legal Programs Department

**A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

WILLIE JONES
Pliantiff

DOC#573876
Inmate Number

VERSUS

Lt. KEENAN LETCHER In Individual Capacity

WARDEN TIM HOOPER In Official Capacity

________________________________

________________________________

(Enter above the full name of each defendant in this action.)

## Electronic Filing Pilot Program

**In accordance with the Procedural Rules for Electronic Filing Pilot Project, General Order 2012-01, inmates who reside in or are transferred into Louisiana Department of Corrections facilities participating in the Electronic Filing Pilot Program shall receive orders, notices and judgments by Notice of Electronic Filing ("NEF").**

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. § 1983.

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly the same.**

In order for this complaint to be file, it must be accompanied by the filing fee of $402.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service cost, you may petition the court to proceed in forma pauperis. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. **THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.**

Submit the complaint and pauper affidavit to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (X)

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
   Plaintiff(s): ______________________________

   ______________________________

   Defendant(s): ______________________________

   ______________________________

2. Court (if federal court, name the district; if state court, name the parish):

   ______________________________

   ______________________________

3. Docket number: ______________________________

4. Name of judge to whom case was assigned: ______________________________

   ______________________________

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):

   ______________________________

   ______________________________

6. Date of filing lawsuit: ______________________________
7. Date of disposition: ______________________________

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?

Yes ( ) No (X)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

II. Place of present confinement:

A. Is there a prisoner grievance procedure in this institution? Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes ( X ) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. ARP-LSP-2022-2168

2. What steps did you take? First Step complaint to the Warden of the Institution, Second step to the Secretary of the DPS&C

3. What was the result? Denied at both Steps

D. If your answer is No, explain why not:

**III. Parties**

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Willie Jones #573876
Address La. State Penitentiary, Angola, La. 70712

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant Keenan Letcher, Lieutenant at La. State Penitentiary

C. Additional Defendants: Tim Hooper, Warden at La. State Penitentiary

---

## IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

**CLAIM ONE**

DEFENDANT KEENAN LETCHER USED UNNECESSARY OR EXCESSIVE FORCE VIOLATION OF THE EIGHTH AMENDMENT BY DELIBERATELY SPRAYING ME WITH WITH AN OVERWHELMING AMOUNT OF MACE DESPITE KNOWING I HAVE A "NO CHEMICALS" MEDICAL STATUS. WARDEN HOOPER HAS FAILED TO PROPERLY TRAIN AND SUPERVISE OFFICERS WHO ARE DELIBERATELY USING CHEMICAL MACE AGAINST PRISONERS WHOSE MEDICAL CONDITIONS FORBID THE USE OF CHEMICALS FOR MEDICAL REASONS.

## V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits.

1. Declaratory and injunctive relief the court deems to be fair and just as well as punitive to deter future acts of excessive force and to require proper training, policies regarding when chemical mace may be used against prisoners with medical conditions forbidding the use of chemical mace and proper supervision and enforcement of those policies.

2. That punitive and compensatory damages be awarded to Plaintiff in an amount deemed

fair and just by this court

3. Court cost be cast against the Department.

## VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this ~~[illegible]~~ 27th day of ~~March~~ January, 2023.

[signature]

Signature of plaintiff(s)

**IN THE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**WILLIE JONES**
*Plantiff*

**573876**
Inmate (DOC) number

VERSUS

**Lt. Keenen Letcher** ***in his individual capacity, and***
Warden Tim Hooper *in his official capacity,*
*Defendants*

**MAG. JUDGE**________________

**FILED:**______________________

________________________
**CLERK OF COURT**

**************************************************************************

**CIVIL RIGHTS COMPLAINT WITH JURY DEMAND UNDER 42 U.S.C. § 1983 FOR MONETARY DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

**************************************************************************

This is a civil rights action authorized by 42 U.S.C. § 1983 to redress the deprivation under color of State law, of right secured by the constitution of the United States, alleging Excessive Force in violation of the Eighth Amendment to the United States Constitution. The plaintiff requests a trial by jury.

**JURISDICTION**

1. This Court Middle District Court has jurisdiction over Plaintiff's claims of violation Federal Constitutional rights under 28 U.S.C. § 1331 and 1343.
2. The Court has supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. § 1367

## INTERESTED PARTIES

3. Plaintiff, **Willie Jones**, is a state prisoner who was and is incarcerated at the La. State Penitentiary, Angola Louisiana (La. State Penitentiary) during the events described in this complaint.

4. **Defendant Keenan Letcher** is a Correctional Officer with the rank of Lieutenant at all times relevant to this complaint. He is the initial assailant. **Defendant Lt. Letcher's** personal acts under color of law comprising this Eighth Amendment complaint, and therefore are sufficient for purposes of liability under 42 U.S.C. § 1983. **Defendant Lt. Letcher** is sued in his individual capacity for compensatory and punitive damages.

5. **Defendant Tim Hooper** is the Head Warden here at the Louisiana State Penitentiary at Angola, and at all times relevant to this complaint. **Defendant Tim Hooper's improper or ineffective methods of oversight** is sufficient for purposes of declarative and injunctive relief

## STATEMENT OF THE CASE

Plaintiff filed Request for Administrative Remedy resulting from the use of excessive chemical force. Plaintiff request review of LSP admin.Segreation shower camera footage will provide undisputed evidence that Lt. Letcher's action violate the Eighth Amendment.

The request for Administrative remedy in this matter was accepted and assigned **ARP-LSP-2021-2168**. The Department denied relief at the First step and Second Step. The Second Step was denied on *2/25/22* denying the allegations of the complaint as well as the requested relief. Plaintiff avers that he has exhausted both steps in the process prior to filing the instant complaint.

## STATEMENT OF FACTS

This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner and asserting claims for use of excessive chemical force. Plaintiff is seeking damages as to all claims and injunction to ensure proper protocols are put in place and followed in dealing with inmate/officer interactions.

At all times material, on June 2, 2021 at approximately 3:00am, I and the guy in the cell with me was awaken out of our sleep by Lt. Letcher, who ordered that we immediately come to the bars to be restrained. I had that pressing urge to urinate, (you know the kind that wakes you up in the middle of the night) but Lt. Letcher was adamant that I come to be restrained. I did as I was ordered. The hole time while walking I complained that I has to urinate. This complaint was ignored. We were placed in the administrative segregation shower cell. I'm sorry, I told the officer, I could hold it no longer, I was forced to urinate in the shower drain, as there is no other place in the shower cell for me to properly relieve myself.

Lt. Letcher then reached in his pocket and pulled out a chemical weapon canister and by abusive use, sadistically, unnecessarily, and unreasonably sprayed us excessively while we both were in full belt restraints, and compliant. Lt. Letcher utilized an overwhelming amount on me to the point that ***HE*** gagged and yelled at the other officer to let him off the tier.

Plaintiff contends that his actions or in-actions did not (and normally would not) have provoked this level of assaultive behavior by Security.

Plaintiff suffered searing pain in both eyes; venous sinus infection; thoracic abrasions from toxic inhalation, excessive mucous secretion;

Additionally, it seems that this was a preconceived plain. As cell block officers are

prohibited from maintaining a personal can of chemical spray because this type of chemical is considered by the Department as a weapon. Further, there were absolutely no other legitimate reason for Lt. Letcher to personally possess this weapon (except for abuse of authority with intent to assault) without it having been checked out of the secured metal cabinet, documented in a log backed by an additional signature of a supervisor.

Further, as revealed from the totality of the facts and allegations of Plaintiff, it seems that Regulatory mechanisms were deliberately flouted or there exist a failed supervisory policy or practice of maintaining on the person unsecured or, unauthorized and unregulated use of level two chemical weapons.

Equally damming, is the fact that Defendant Lt. Letcher, during the administrative remedy process, denied that this incident ever occurred. See ARP first Step Response. Lt. Letcher's deliberate and calculated omission and failure to generate the required reports of use of chemical weapons was partly intended to retard recognition of the incident

Exhibit document No. 756092 attached hereto and made apart of the record for all intents and purposes, tells a categorically different story. This document was generated by medical emergency personnel Lt. Shinele Straughter, whose health care number is 537? This person examined Plaintiff for a complaint of "C/A" i.e., [a chemical agent] on the same date Plaintiff claimed he was assaulted by excessive use of a chemical weapon.

This fact lends credence to allegations made by Plaintiff, and also shows that Defendant Lt. Letcher fabricated state documents he knew, that it would be utilized in a court of law, with the intent that it be believed and that it influence the fact finder in his favor. This is a rational conclusion that Lt. Letcher did this with the intent deceive the court, becomes all the more

conceivable when recognizing that documenting incident reports is a regular and normal administrative requirement under the circumstances. And, fraudulent misrepresentation of a state document is not only actionable under Departmental Policy and will result in a VR1 (Violation Rule 1 report), but it is a felony under state law. Therefore, the Administrative finding and conclusion that "it is relying on the credibility of the officer, in the instant case is untenable and this court should not accorded it the presumption of correctness.

The other correctional officer should have at leased attempted to stop Lt. Letcher from threatening the health and safety of Plaintiff and others. But he did nothing. Presumably under the impression that he would be placed in a difficult position of adverse trust issues with fellow officers and supervisors. If this is true, then "no one is safe," especially, those confined to the isolation cell-blocks where supervision is minimal. Firstly, I never was a threat and obeyed all orders so there was no need to force any compliance. Secondly, and most importantly, I have a non-chemical contact or application duty-status. The use of force was with malice and without legal authority. Letcher knew of my no chemical duty status and deliberately used mace to punish me and without any penalogical purpose except to cause needless infliction of pain and suffering in violation of Eighth Amendment prohibition against cruel and unusual punishment.

In furtherance, this is not a singular complaint. Use of chemical mace as happened in this incident have been going on for years and high-ranking officials either have chosen to ignore the complaints or assisted in the cover up of such behavior. Lt. Letcher under the above circumstances has no incentive to follow the constitutional prohibition forbidding cruel and unusual punishment, nor curtailment in the use of excessive; and needless force; because the lack extra training in use of chemical weapons, lack of direct supervision, and lack of

enforcement of policies and deficiencies of the policies already in place. There exists a widespread and prevalent practice of ranking officials partaking in similar such behavior of using mace as punish. This kind of violent, draconian punishment is associated with the current police brutality and excessive force as part of the culture in law enforcement agencies, especially in prisons.

**CLAIM ONE**

**THE DEFENDANTS USED UNNECESSARY OR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT**

**LAW AND ARGUMENT**

In order for inmate to prevail on Eighth Amendment excessive force claim against officer, he must prove significant injury, which resulted directly and only from use of force that was clearly excessive to need, the excessiveness of which was objectively unreasonable, and that action constituted unnecessary and wanton infliction of pain.[1]

"It is a violation of the Eighth Amendment for prison officials to use [force] in quantities greater than necessary or for the sole purpose of punishment or infliction of pain."[2] This is because it has become a widespread practice for officers to falsify use of force report forms, having officers corroborate each others' "stories" to "justify" uses of force, taking "free shots" at inmates while they are handcuffed, using [force] and even though inmates are compliant. Plaintiff has easily stated a claim with a federal question upon which relief can be granted.

Plaintiff submits that Lt. Letcher's actions amount to unnecessary or excessive force.

1 Adams v. Hansen, 906 F.2d. 192 (5th Cir. 1990).

2 Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984) [It should be noted that LSP and LA DPS&C has specifically adopted this case in application of use of force policy]; See also Stringer v. Rowe, 616 F.2d 993, 999 (7th Cir. 1980) (stating that the "use of [force] by prison officials to subdue individual prisoners, rather than to quell large disturbances, should be more restricted.")

Plaintiff submits that Tim Hooper has failed to remedy ongoing violations of which he has been **aware or should have been aware** due to the numerous ARP's and/or suits previously filed. The actions and/or in-actions of the defendants go beyond the scope of their duties being arbitrary, conspicuous, or negligent. Plaintiff submits that the actions and/or in-actions were deliberate and that there is a pattern of this type treatment. The test of whether governmental action is arbitrary and capricious is whether the action is reasonable under the circumstances. **Clark v. City of Shreveport,** App. 2 cir. 1995, 655 So. 2d 617, 26, 638 (La. App. 2 Cir. 5/10/95). The actions described herein go beyond reasonable. Plaintiff submits that he endured a repeated assault which resulted in needless pain and suffering. In this instant I was already in a cell and not causing any disturbance, yet, I was still maced deliberately without provocation after I followed the order. The excessive spraying of mace is a common practice at L.S.P. This can be found in the facts of how much mace was sprayed. There exists an extensive list of prisoners from LSP Angola who have brought suit in this Court based on excessive use of mace and use of excessive or unnecessary force regarding the use of chemical mace. The so-called minimum amount[3] was sprayed that should have been 3.645 grams (a one-second burst). The mathematics that support my claim is such. In converting ounces to grams, each ounce of mace constitutes 28.35 grams. Therefore, 4.5 ounces of mace is equivalent to 127.575 grams. A 4.5 ounce can of mace has been judicially found to contain approximately 35 one-second bursts of mace. Even after filing the grievance, I still could not receive justice. Ranking officials from the top down have overlooked, ignored, or praised officers engaging in such unconstitutional behavior even in the midst of several lost law suits. It is evident officials do not care. They lose

3 The minimum amount changes from disciplinary report to disciplinary report.

suits or have many suits filed and they continue with no regards to adverse court rulings. If fact, some lawsuits found the parties guilty and only nominal damages imposed, resulting in a lack of accountability. This unconstitutional practice continues because no one is paying punitive damages for engaging in it.

## CONCLUSION

Plaintiff contends that the actions and/or inactions of the defendants in this matter indicate both unnecessary/excessive force and corruption in the covering up such acts and constitute cruel and unusual punishment. Plaintiff suffered needless injury and endured needless pain and suffering both physical and mental. Plaintiff submits that he is entitled to monetary damages and declaratory and injunctive relief. Plaintiff submits that the failure of defendant Lt. Letcher to provide accurate accounts, or not any account at all, warrants an in depth investigation into the claimed allegations. This court should require each medical provided provide proper reporting of this type of incident, medical treatment under the circumstances described, and failure to do so facially indicates corruption and malfeasance in the cover up of excessive force mandating relief. It must also be suspected that the video footage has been destroyed, if not then Plaintiff will move for the CBD shower cell camera footage after the filing of the ARP, further alerting that a suit would be forthcoming if the ARP was unsuccessful.

**RESPECTFULLY SUBMITTED:**

**Willie Jones #573876**
**General Delivery**
**LOUISIANA STATE PENITENTIARY**
**ANGOLA, LOUISIANA 70712**

## DECLARATION UNDER PENALTY OF PERJURY

**I Willie Jones, pursuant to U.S.C. § 1746, hereby declare under penalty of perjury that:**

1. I am the plaintiff in the above titled matter and I am solely responsible for its contents
2. All of the allegations contained herein are **true and correct** to the best of my knowledge, information and belief.

On this 27 day of JANUARY, 2023

**RESPECTFULLY SUBMITTED:**

**Willie Jones #573876**
**La. State Penitentiary**
**Angola, La. 70712**

## CERTIFICATE OF SERVICE

I **Willie Jones**, hereby certify that I have placed a copy of this 42 U.S.C. § 1983 Civil Rights action for Declaratory and Injunctive Relief and Damages in the Federal Mail Box for electronic transfer to the clerk of court for the United States District Court, Middle District of Louisiana, Baton Rouge Division, P.O. Box 2630, Baton Rouge, La. 70821 On this 27 day of January, 2023.

**Willie Jones #573876**
**La. State Penitentiary**
**Angola, La. 70712**

**PLEASE SERVE THE DEFENDANTS THROUGH THE:**

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**504 MAYFLOWER STREET, P.O. BOX 94304 CAPITOL STATION**
**BATON ROUGE, LA 70804**

CASE NUMBER: LSP-2021-2168

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: JONES, WILLIE 573876

CBC L/L
Living Quarters

Response to request dated , received in this office on 09/02/2021

Your request for administrative review of ARP#LSP-2021-2168 has been received. In your letter of complaint dated June 2, 2021, while housed at Main Prison CBD, You state that you were woke up at 3 a.m. by Lieutenant Letcher restrained, escorted to the shower and sprayed with a chemical agent.

In response to your Request for Remedy, Lieutenant Keenen Letcher stated he has no knowledge of the accusations brought forth by you. If a chemical agent is used an Unusual Occurrence Report is completed. To the best of his knowledge no such incident ever took place.

There is no record of any incident on June 2, 2021, involving you being sprayed with a chemical agent.

You have not provided sufficient evidence to support your claims; therefore, your request for Administrative Remedy is denied at this level.

Prepared by: AW Carlton
Carlton Nettles/AWII/lv

Approved by: Aw3 Shannon Dem
Shannon Demars/AWIII

10|4|21
Date

Unit Head

Instructions to Offender: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( ) I am not satisfied with this response and wish to proceed to Step Two.

Reason: Notice enclosed Amend
Reports Records evidence warden Nettles couldn't have fully investigated his Assign lieutenant at time or reviewed notes listed leadings instant incident so to say how such practice such w/ behavior and plan/plot scheme to cover up wrongful act..

10/8/21
Date

Offender's Signature DOC#

3/8/22 Received
CBD 4/2 #11 [redacted]

Date 57
Incident - 6-2-21

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: LSP-2021-2168

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: JONES, WILLIE 573876 — Offender Name and Number

LSP — Living Unit

Received in this Office on 12/21/2021:

Your request for an administrative review of ARP# LSP-2021-2168 has been received. A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

Your allegations have been considered. In a statement from Lt. Keenan Letcher, he denies your allegations and there is no reason to doubt the credibility of this officer. You have failed to provide any evidence to substantiate your allegations or that would cause us to believe otherwise. The first step response prepared by the LSP staff is deemed adequate and appropriate. As such, this office concurs with staff and finds no further investigation warranted.

Your request for relief is denied.

2-25-22
Date

[signature]
Secretary's Signature or His Designee

 736092

Form HC-01-A
20 March 2019

**Request for Medical Treatment Institution:** LSP

| Willie Jones | 573876 | 28 | CBD | |
|---|---|---|---|---|
| Name | DOC# | Age | Housing | Job Assignment: |

**OFFENDER TO COMPLETE THIS SECTION ONLY— COMPLAINT AND/OR REQUEST:**

C/A

**Health Care Personnel Screening:** Date: 6/12/ Time: 3:14 Location Seen: ______

(Circle One) Emergency / Routine Sick Call / Work Related

[redacted]

**New Medications Ordered:**

______
______
______
______ **Total #:** ______

Screener's Signature: [signature]

☒ No Fees ☐ $3 Access Fee ☐ $6 Access Fee ☐ $2 for each Prescription Fee: $ ______ Total: $ 0

I understand that in accordance with Dept. Reg. No B-06-001, I will be charged $3.00 for routine requests for health care services, $6.00 for emergency requests and $2.00 for each new prescription written and dispensed to me, with the exceptions noted in the referenced regulation.

| [signature] | 573876 | | [signature] |
|---|---|---|---|
| Offender's Signature | DOC# | Date | Witness Signature |

Original - Offender's Medical Record Yellow - Business Office Pink - Offender's Copy

23