**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**WILLIE JONES (#573876)** **CIVIL ACTION**

**VERSUS** **NO. 23-53-BAJ-EWD**

**KEENAN LETCHER, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 6, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**WILLIE JONES (#573876)** **CIVIL ACTION**

**VERSUS** **NO. 23-53-BAJ-EWD**

**KEENAN LETCHER, ET AL.**

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Before the Court is a Motion to Dismiss ("Motion"),[1] filed by Keenan Letcher ("Defendant"). Willie Jones ("Plaintiff" or "Jones"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana, opposes the Motion and has filed a separate Motion for Summary Judgment.[2] Because Plaintiff's remaining claim against Defendant is prescribed, it is recommended that Defendant's Motion be granted, Plaintiff's Motion for Summary Judgment be denied, and this case be dismissed with prejudice as untimely. Plaintiff's request for appointment of counsel will also be denied without prejudice to reurging, if the case is not dismissed.

## I. BACKGROUND

Jones filed this suit on January 27, 2023 under 42 U.S.C. § 1983 alleging violations of his constitutional rights.[3] Plaintiff's only claim remaining in this case is an individual capacity claim against Defendant for monetary damages for the alleged use of excessive force.[4]

---

[1] R. Doc. 37. Documents filed into the electronic court record are referred to as "R. Doc. __."

[2] R. Docs. 38, 54.

[3] R. Doc. 1.

[4] R. Doc. 14, p. 2.

## II. Law and Analysis

### A. Standard of Review

Defendant has filed a Motion to Dismiss but has also filed discovery responses into the record that include Plaintiff's administrative grievance relevant to this claim, as well as other documentation with pertinent dates not provided in the Complaint. To accurately analyze whether Plaintiff's claims are prescribed, requires consideration of the documentation filed into the record by Defendant, so the Motion must be converted into a summary judgment motion. The Court may convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment when "matters outside the pleadings are presented and not excluded by the court."[5] The Court, however, must provide the non-movant with notice and an opportunity to respond.[6] The 14-day period for objections to this Report and Recommendation provides Jones with notice and an opportunity to respond. Accordingly, this Report evaluates Defendant's argument that Plaintiff's claims were not timely filed using the standard for a motion for summary judgment and evidence in the record.

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, such that the moving party is entitled to judgment as a matter of law.[7] A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show there is no genuine issue of material fact.[8] If the moving party carries its burden of proof under Federal Rule of Civil Procedure 56, the opposing party must direct the court's

---

[5] Fed. R. Civ. P. 12(d).

[6] *Young v. McCain*, 760 Fed.Appx. 251, 256 (5th Cir. 2019) (plaintiff was provided a reasonable opportunity to respond by filing objections to the magistrate judge's report).

[7] Fed. Rule Civ. P. 56. *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[8] *Celotex Corp.*, 477 U.S. at 323.

attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[9] Summary judgment must be entered against a party who fails to make an adequate showing to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[10] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[11]

**B. Plaintiff's Claims are Prescribed**

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983," so the federal courts borrow the limitations period of the forum state.[12] Civil rights suits brought under § 1983 for delictual actions arising before July 1, 2024, are subject to the Louisiana limitations period of one year that applies to tort claims.[13] State law also controls whether events occur that toll (*i.e.*, pause or delay) the limitations period unless the state provisions regarding tolling are inconsistent with federal law.[14] Though the Louisiana prescriptive period of one year applies to Plaintiff's civil rights claims, federal law controls when his claims accrued, *i.e.*, when

---

[9] *Anderson*, 477 U.S. at 248.

[10] *Celotex Corp*., 477 U.S. at 323.

[11] *International Shortstop, Inc. v. Rally's, Inc*., 939 F.2d 1257, 1263 (5th Cir. 1991).

[12] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed.Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").

[13] Louisiana Civil Code art. 3492; *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Crane v. Childers*, 655 Fed.Appx. 203, 204 (5th Cir. 2016) (§ 1983 claims are subject to the one-year prescriptive period for tort claims). Effective July 1, 2024 the prescriptive period for tort claims in Louisiana was extended to two years and Louisiana Civil Code art. 3492 will be repealed. 2024 La. Sess. Law Serv. Act 423 (H.B. 315) (WEST). The Act is clear that "[t]he provisions of this Act shall be given prospective application only and shall apply to delictual actions arising after the effective date of this Act." The one-year period applies to Plaintiff's claim, which arose in June 2021, before the effective date of the Act.

[14] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).

the limitations period starts.[15] Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions.[16] "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."[17]

However, because Plaintiff was required to exhaust administrative remedies by filing a grievance through the administrative remedy process (an "ARP") before filing suit, the Court must consider the time period Plaintiff had an ARP properly pending. The limitations period is suspended while an ARP is pending because the requirement that an inmate exhaust administrative remedies creates a statutory impediment to filing suit.[18] The limitations period begins to run again when the final agency decision is delivered or when the inmate is permitted to unilaterally proceed to the next step in the process, *i.e.*, filing suit.[19] The administrative rules provide that "[n]o more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process."[20]

---

[15] *Harris*, 198 F.3d at 157.

[16] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted).

[17] *Id.*, citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

[18] La. Civ. Code art. 3467; *Kron v. LeBlanc*, No. 11-2263, 2013 WL 823550, at *2 (E.D. La. March 6, 2013).

[19] La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] … grievance and shall continue to be suspended until the final agency decision is delivered."); *Shank v. LeBlanc*, No. 23-108, 2024 WL 5337650, at *4 (M.D. La. Oct. 23, 2024) (considering the intent of the law, rather than the plain language, prescriptive period began to run when plaintiff could have unilaterally proceeded to the courts).

[20] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).

Plaintiff's claims accrued on June 2, 2021 when the incident of excessive force occurred.[21] The one-year time period to file suit started the next day. Jones did not submit his ARP until August 25, 2021, at which point 83 days that counted toward the one-year limitations period had passed.[22] Jones received the second step response to his ARP on March 8, 2022, so the one-year clock started again the following day.[23] Jones filed this lawsuit on January 27, 2023. Between March 9, 2022 and January 27, 2023, 324 more days passed that counted towards the limitations period. In all, 407 days passed that counted towards the limitations period,[24] well over the 365 days allowed. Therefore, Jones's claim against Defendant in this case is untimely.[25] Additionally, because the claim is untimely, and Plaintiff's Motion for Summary Judgment focuses on the merits of his claim, it is recommended that Plaintiff's Motion be denied.[26]

---

[21] R. Doc. 1-1, p. 3.

[22] R. Doc. 45-5, p. 3. Although Petitioner's ARP is not marked received by prison officials until September 2, 2021, this Report will view the facts most favorably to Jones and consider the ARP submitted August 25, 2021, when it is dated.

[23] R. Doc. 45-5, pp. 12-13. The filing of a grievance only suspends, not interrupts, the running of the one-year time period to file suit, so all time before and after filing the ARP counts toward the running of the prescriptive period. La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is delivered.").

[24] *Alombro v. Tarver*, No. 15-548, 2017 WL 2350242, at *2 (M.D. La. May 5, 2017) (the filing of an administrative grievance only suspends the running of the prescriptive period, so the "Court is required to count against the plaintiff the passage of days that elapsed both before the filing of the pertinent administrative grievance and after the conclusion of the administrative proceedings"); *see also Bailey v. LeBlanc*, No. 14-271, 2015 WL 5072036, at *3 (M.D. La. July 6, 2015).

[25] Even giving Jones the benefit of using these dates, his claim is prescribed. In reality, Jones could have proceeded unilaterally to this Court ninety days after filing his ARP, or by no later than November 23, 2021, under which circumstance, his claim would also be prescribed. 22 La. Admin. Code, Part I, § 325(J)(1)(c); *Shank*, 2024 WL 5337650, at *4. Additionally, Plaintiff says he received the second step response to his ARP on February 25, 2022. R Doc. 4, p. 7. This circumstance also leads to the conclusion that Plaintiff's claim is untimely filed on the face of the pleadings, and it would not be necessary to convert the Motion to one for summary judgment and consider the record evidence, as 418 days would have passed that counted toward the limitations period. This is the basis for Defendant's Motion. *See* R. Doc. 37-1, p. 1. However, since the documents filed into the record by Defendant reflect that Plaintiff's second step ARP response was actually received later, this Report did not rely on the statement in Plaintiff's Amended Complaint for the analysis of timeliness and instead converted the Motion to a summary judgment.

[26] R. Doc. 54.

## III. Recommendation

**IT IS RECOMMENDED** that the Motion to Dismiss,[27] filed by Defendant Keenan Letcher, be converted to a Motion for Summary Judgment and **GRANTED**; the Motion for Summary Judgment,[28] filed by Plaintiff Willie Jones, be **DENIED**; and this case be **DISMISSED WITH PREJUDICE** as prescribed.

## ORDER

Considering the recommendation of dismissal, **IT IS ORDERED** that the Motion for Appointment of Counsel,[29] filed by Plaintiff Willie Jones, is **DENIED**, without prejudice to reurging, if the case is not dismissed.

Signed in Baton Rouge, Louisiana, on October 6, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[27] R. Doc. 37.

[28] R. Doc. 54.

[29] R. Doc. 40.